UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE, MOTHER, individually and as parent/ guardian of JANE DOE, MINOR <br><br>  Plaintiffs <br><br> v. <br><br> TROY FOOTMAN, CHEATERS, INC., CHEATERS HOLDING CORP., HAIG CHARLES TAPALIAN, GERALDINE A. TAPALIAN, DAVID C. TAPALIAN and MARY'S MOTOR LODGE, INC. <br><br>  Defendants | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiffs, by and through their undersigned attorney, with personal knowledge as to the following and otherwise upon information and belief, hereby allege as follows:

## NATURE OF THIS ACTION

1. This is an action for damages arising out of the sex trafficking, illegal harboring, illegal employment and sexual exploitation of a female minor.

## JURISDICTION

2. Subject matter jurisdiction is established under 28 U.S.C. Section 1331, 18 U.S.C. Section 1589, et. seq. (the Trafficking Victims Protection Reauthorization Act of 2003), 29 U.S.C. Section 201, et seq. (The Fair Labor Standards Act) and 18 U.S.C. §2255, based on violations of 18 U.S.C. §§2421 - 2423 (The Mann Act), including 2423(a) prohibiting transport of minor with intent to engage in criminal sexual activity.

1

3. This Court has supplemental jurisdiction over the related state law claims asserted herein under the doctrine of pendent jurisdiction and pursuant to 28 U.S.C. 1367. Supplemental jurisdiction over those claims is appropriate because they arise from the same common nucleus of operative facts from which the federal claims arise.

4. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is an adult individual who brings this action in the name Jane Doe, Mother and is further identified in a separate Affidavit which will be served upon the defendants.

6. Plaintiff is a minor individual who brings this action in the name Jane Doe, Minor and is further identified in a separate Affidavit which will be served upon the defendants.

7. Defendant Troy Footman, upon information and belief, is an adult individual currently incarcerated at the Anthony P. Travisono Intake Service Center, P.O. Box 8249, Cranston, Providence County, Rhode Island.

8. Defendant Cheaters, Inc., d/b/a Cheaters Gentlemen Club, is a domestic profit corporation incorporated in the State of Rhode Island, with a principal place of business at 245 Allens Avenue, Providence, Providence County, Rhode Island d/b/a Cheaters Gentlemen Club.

9. Defendant Cheaters Holding Corp., d/b/a Cheaters Gentlemen Club, is a domestic profit corporation incorporated in the State of Rhode Island, with a principal place of business at 245 Allens Avenue, Providence, Providence County, Rhode Island.

10. Defendant Haig Charles Tapalian, an adult individual, is the president of Cheaters Holding Corp, with a last known address of 4730/4740 11th Ave. S.W., Naples, Florida and/or 44 Davis Street, #39, Seekonk, Bristol County, Massachusetts.

11. Defendant Geraldine Tapalian, an adult individual, is the president of Cheaters, Inc. with a last known address at 98 Pleasant Street, Seekonk, Bristol County, Massachusetts.

12. Defendant David C. Tapalian, an adult individual, was issued the business license granted to Cheaters Gentlemans Club and has a business address at 100 N Main St # 3, Providence, Providence County, Rhode Island.

13. Defendant Mary's Motor Lodge, Inc. is a domestic profit corporation incorporated in the Commonwealth of Massachusetts, with a principal place of business at 1159 Fall River Avenue, Seekonk, Bristol County, Massachusetts.

## FACTS

14. In or around March, 2013, plaintiff Jane Doe Minor, a 14 year old female, ("Plaintiff Minor") was illegally transported by and falsely imprisoned by Defendant Footman at the Mary's Motor Lodge in Seekonk, Massachusetts.

15. Defendant Footman knowingly and willingly deceived and lured Plaintiff minor away from her home and family, including Plaintiff Mother.

16. Plaintiff Minor reasonably believed that assertions of Defendant Footman were truthful.

17. Defendant Footman knew that his/her representations to Plaintiff minor were false.

18. Defendant Footman prohibited and prevented Plaintiff Minor from contacting her mother, Jane Doe, Mother ("Plaintiff Mother"), during the entire time of Plaintiff Minor's false imprisonment.

19. Defendant Footman inflicted physical and psychological abuse on Plaintiff Minor.

20. Defendant Footman forced Plaintiff Minor to perform illegal commercial sex acts and Defendant Footman forced Plaintiff minor to seek employment as a striptease performer/ exotic dancer.

21. In or around March, 2013, Plaintiff Minor, only a 14 year-old female at the time, was directly hired by Defendants Cheaters, Inc., Cheaters Holding, Corp., Haig Charles Tapalian, Geraldine Tapalian and/or David C. Tapalian (collectively "Defendants Cheaters") as a striptease performer/exotic dancer.

22. Defendants Cheaters knew, or should have known, that Plaintiff Minor was only 14 years old when they directly hired her.

23. Defendants Cheaters had a duty to hire, employ, supervise, direct, train, control and retain employees so that minors would not be directly hired in the first instance and Defendants Cheaters had a duty to protect its employees, specifically Plaintiff Minor, from physical, sexual and emotional abuse. Defendants failed in these duties.

24. Defendants Cheaters had a duty to institute policies, protocols and procedures to ensure minors were not directly hired in the first instance and to protect its employees, specifically Plaintiff Minor, from physical, sexual and emotional abuse. Defendants failed in these duties.

25. Had Defendants Cheaters properly hired, employed, supervised, trained, controlled and retained their employees and/or instituted, implemented, and enforced proper protocols and procedures, Plaintiff Minor would never have been illegally hired and would never have been physically, sexually and mentally abused by all Defendants.

26. During her employment as a striptease performer/exotic dancer, Defendants Cheaters forced Plaintiff Minor, only a 14 year old female at the time, to perform illegal commercial sex acts.

27. Defendants Cheaters were aware of and/or involved in the physical, sexual, and emotional abuse of Plaintiff Minor until August, 2013, when she was finally discovered by authorities and returned to her family Massachusetts.

28. Defendants Cheaters, in addition to illegally employing Plaintiff Minor, charged Plaintiff Minor a fee to work each shift as an exotic dancer, refused to pay Plaintiff Minor adequate wages for hours worked, including overtime pay, required Plaintiff Minor to share her tips, and subjected Plaintiff Minor to extreme physical, sexual and emotional abuse.

29. Defendants Cheaters benefitted from and were unjustly enriched by their unlawful acts.

30. Defendant Mary's Motor Lodge knew or should have known that Plaintiff Minor was falsely imprisoned, being sexually and psychologically abused, prostituted and sexually trafficked during the five months that Defendant Footman kept Plaintiff Minor at the motel.

31. Defendant Mary's Motor Lodge benefitted from and was unjustly enriched by its unlawful acts.

## CLAIMS FOR RELIEF

### COUNT I

**Trafficking Victims Protection Reauthorization Act (the TVPRA), SEX TRAFFICKING, 18 U.S.C. §§. 1591, 1595 - Against ALL DEFENDANTS**

32. Plaintiffs reallege and incorporate by reference all allegations contained above.

33. The trafficking of children into servitude provision of the TVPRA, 18 U.S.C. Section 1591, provides:

5

> Whoever knowingly - (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or
> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
> knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

34. As set forth herein, Defendants knowingly, and/or in reckless disregard of the fact, recruited, enticed, harbored, transported, provided, and obtained Plaintiff Minor and/or benefited financially and received anything of value from participation in such harboring knowing that force, fraud, or coercion was used to cause Plaintiff Minor to engage in commercial sex acts.

35. As a result of Defendants conduct, Plaintiff Minor has suffered damages in an amount to be determined at trial.

36. Pursuant to 18 U.S.C. Section 1595, Plaintiff Minor is entitled to recover compensatory and punitive damages and reasonable attorneys fees and costs for Defendants' wrongful conduct and violations of the TVPRA.

## COUNT II

### Trafficking Victims Protection Reauthorization Act (the TVPRA), INVOLUNTARY SERVITUDE, 18 U.S.C. §§, 1590, 1595 - Against ALL DEFENDANTS

37. Plaintiffs reallege and incorporate by reference all allegations contained above.

38. In violation of the trafficking into servitude provision of the TVPRA, 18 U.S.C. Section 1590, Defendants recruited, harbored, transported, provided and/or obtained the Plaintiff

Minor for labor or services in violation of the laws prohibiting slavery, involuntary servitude, debt bondage or forced labor.

39. As set forth herein, Defendants knowingly recruited, harbored, transported, provided, and obtained Plaintiff Minor to provide illegal labor and services to each of the Defendants, including involuntary illegal sex acts to and/or for each of the Defendants.

40. As a result of Defendants conduct, Plaintiff Minor has suffered damages in an amount to be determined at trial.

41. Pursuant to 18 U.S.C. Section 1595, Plaintiff Minor is entitled to recover compensatory and punitive damages and reasonable attorneys fees and costs for Defendants' wrongful conduct and violations of the TVPRA.

## COUNT III

### Trafficking Victims Protection Reauthorization Act (the TVPRA), FORCED LABOR, 18 U.S.C. §§ 1589 1595 - Against DEFENDANTS CHEATERS and TROY FOOTMAN

42. Plaintiffs reallege and incorporate by reference all allegations contained above.

43. In violation of 18 U.S.C. § 1589, Defendants knowingly provided or obtained Plaintiff Minor's labor or services: 1) by threats of serious harm to or physical restraint against Plaintiff Minor or another person and/or 2) by means of any scheme, plan, or pattern intended to cause PlaintiffMinor to believe that if she did not perform such services, she would suffer serious harm or restraint and/or 3) by means of abuse or threatened abuse of law or the legal process.

44. As a result of Defendants conduct, Plaintiff Minor has suffered damages in an amount to be determined at trial.

45. Pursuant to 18 U.S.C. Section 1595, Plaintiff Minor is entitled to recover compensatory and punitive damages and reasonable attorneys fees and costs for Defendants' wrongful conduct and violations of the TVPRA.

## COUNT IV

### Violations of the Fair Labor Standards Act (FLSA) - Against DEFENDANTS CHEATERS

46. Plaintiffs reallege and incorporate by reference all allegations contained above.

47. Defendants Cheaters violated the FLSA protections against oppressive child labor in at least one of the following sections: 1) hour regulation in violation of 29 U.S.C. § 203 (l), 2) age limitations in violation of 29 U.S.C. § 212 and/or 3) regulation of hazardous occupations in violation of 29 U.S.C. § 213.

48. Under 29 U.S.C. § 216(e), any person who violates provisions of the FLSA, relating to child labor, or any regulation issued under that section, shall be subject to a civil penalty payable to the Secretary of Labor not to exceed $10,000 for each employee who was subject of such a violation.

49. Further, in violation of 29 U.S.C. § 206, Defendants knowingly failed to pay Plaintiff Minor adequate wages for hours worked, including overtime pay.

50. Under 29 U.S.C. § 216(b), Plaintiff Minor is entitled to recover all unpaid wages, and additional equal amount as liquidated damages and reasonable attorneys fees and costs in an amount to be determined at trial.

## COUNT V

### 18 U.S.C. §2255 Based on Violations of 18 U.S.C. §§2421 - 2423 (The Mann Act) - Against TROY FOOTMAN

51. Plaintiffs reallege and incorporate by reference all allegations contained above.

52. Plaintiffs bring claims pursuant to 18 U.S.C. § 2255(a) against Defendant Footman based on his violations of the Mann Act. Plaintiff Minor alleges that when she was a minor, Defendant Footman used a facility or means of interstate commerce to persuade or induce her to engage in sexual activity in violation of 18 U.S.C. § 2422.

53. Plaintiff Minor also alleges that when she was a minor the Defendant Footman transported her from Massachusetts to Rhode Island with the intent to engage in sexual activity in violation of 18 U.S.C. § 2423(a).

54. As a direct and proximate result of Defendants unlawful conduct, Plaintiff Minor has suffered and continues to suffer extreme mental distress, humiliation, anguish, and emotional and physical injuries and economic losses, entitling her to damages in an amount to be determined at trial.

## COUNT VI

### Intentional Infliction of Emotional Distress- Against ALL DEFENDANTS

55. Plaintiff Minor hereby refers to and incorporates each and every allegation set forth above.

56. Defendants, each of them, engaged in outrageous conduct towards Plaintiff Minor, with the intention to cause or with reckless disregard for the probability of causing her to suffer severe emotional distress. To the extent that said outrageous conduct was perpetrated by certain Defendants, the remaining Defendants adopted and ratified said conduct with a wanton and reckless disregard of the deleterious consequences to the Plaintiff Minor.

57. As a direct and proximate result of said conduct, Plaintiff has suffered and continues to suffer extreme mental distress, humiliation, anguish, and emotional and physical injuries and economic losses, entitling her to damages in an amount to be determined at trial.

58. Defendants committed the acts alleged herein maliciously, fraudulently, oppressively, from an evil motive, in conscious disregard of Plaintiff's rights and with the wrongful intention of injuring Plaintiff Minor, entitling Plaintiff Minor to recover punitive damages in an amount to be determined at trial.

## COUNT VII

### Negligent Infliction of Emotional Distress - Against ALL DEFENDANTS

59. Plaintiff Minor hereby refers to and incorporates each and every allegation set forth above.

60. All Defendants, and and each of them, knew or reasonably should have known that the conduct described herein would and did proximately result in physical and emotional distress to Plaintiff Minor.

61. At all relevant times, all Defendants, and each of them, had the power, ability, authority, and duty to stop engaging in the conduct described herein and/or to intervene to prevent or prohibit said conduct.

62. Despite said knowledge, power, and duty, Defendants negligently failed to act so as to stop engaging in the conduct described herein and/or to prevent or prohibit such conduct or otherwise protect Plaintiff. To the extent that said negligent conduct was perpetrated by certain Defendants, the remaining Defendants confirmed and ratified said conduct with the knowledge that Plaintiff's emotional and physical distress would thereby increase, and with a wanton and reckless disregard for the deleterious consequences to Plaintiff.

63. As a direct and proximate result of Defendants unlawful conduct, Plaintiff has suffered and continues to suffer extreme mental distress, humiliation, anguish, and emotional and physical injuries and economic losses, entitling her to damages in an amount to be determined at trial.

### COUNT VIII

### Negligent Hiring and Failure to Institute, Implement and Enforce Policies, Procedures and Protocols- Against DEFENDANTS CHEATERS

64. Plaintiffs reallege and incorporate by reference all allegations contained above.

65. Defendants Cheaters had a duty to hire, employ, supervise, direct, train, control and retain employees so that minors would not be directly hired in the first instance and Defendants Cheaters had a duty to protect its employees, specifically Plaintiff Minor, from physical, sexual and emotional abuse.  Defendants failed in these duties.

66. Defendants Cheaters had a duty to institute policies, protocols and procedures to ensure minors were not directly hired in the first instance and to protect its employees, specifically Plaintiff Minor, from physical, sexual and emotional abuse.  Defendants failed in these duties.

67. As a direct and proximate result of Defendants negligence, Plaintiff has suffered and continues to suffer extreme mental distress, humiliation, anguish, and emotional and physical injuries and economic losses, entitling her to damages in an amount to be determined at trial.

### COUNT IX

### Fraudulent Misrepresentation- Against TROY FOOTMAN

68. Plaintiffs reallege and incorporate by reference all allegations contained above.

69. Defendant Footman knowingly made false representations to Plaintiff Minor in order to abuse her, exploit her and to involve her in an illegal sex trafficking operation.

70. Defendant Footman had knowledge of the falsity of his misrepresentations at the time those misrepresentations were made.

71. Defendant Footman intended for Plaintiff Minor to rely on her false statements and misrepresentations and Plaintiff Minor justifiably relied on Defendant Footman's misrepresentations.

72. One of Defendant Footman's purposes in making these false representations to Plaintiff Minor was to induce her to leave her family and to exploit her sexually.

73. Plaintiff was injured as a result of her reliance on Defendant false statements and misrepresentations, which caused her to leave her family and home, subjected her to the hazards of sexual exploitation and caused her to suffer physical and emotional damages. Plaintiff Minor is entitled to damages in an amount to be proven at trial.

74. Defendants committed the acts alleged in this Complaint with the wrongful intention of injuring Plaintiff Minor with an improper motive amounting to malice, in conscious disregard of Plaintiff Minor's rights. Because Defendants actions were willful, wanton, malicious and oppressive, Plaintiff Minor is also entitled to an award of punitive damages.

## COUNT X

### Negligent Misrepresentation - Against TROY FOOTMAN

75. Plaintiff Minor hereby refers to and incorporates each and every allegation set forth above.

76. Defendant Footman negligently made misrepresentations to Plaintiff Minor in order to abuse her, exploit her and to involve her in an illegal sex trafficking operation.

77. One of Defendant Footman's purposes in making these negligent misrepresentations to Plaintiff Minor was to induce her to leave her family and to exploit her sexually.

78. Plaintiff was injured as a result of Defendant Footman's statements and misrepresentations, which caused her to leave her family and home, subjected her to the hazards of sexual exploitation and caused her to suffer physical and emotional damages.

79. As a direct and proximate result of Defendant Footman's negligent misrepresentations, Plaintiff has suffered and has continued to suffer extreme mental distress, humiliation, anguish, emotional and physical injuries and economic losses all to her damage in an amount to be determined at trial.

## COUNT XI

### Assault and Battery- Against TROY FOOTMAN

80. Plaintiff Minor hereby refers to and incorporates each and every allegation set forth above.

81. Defendant Footman intentionally subjected Plaintiff Minor to offensive and harmful physical and sexual contact, which directly occurred, and caused her to apprehend such severe physical, sexual and mental abuse.

82. As a direct and proximate result of Defendant Footman's assault and battery, Plaintiff has suffered and has continued to suffer extreme mental distress, humiliation, anguish, emotional and physical injuries and economic losses all to her damage in an amount to be determined at trial.

## COUNT XII

### False Imprisonment - Against TROY FOOTMAN

83. Plaintiff Minor hereby refers to and incorporates each and every allegation set forth above.

84. Defendant Footman violated Plaintiff Minor's personal liberty by acting in a manner which had the effect of confining her against her will and limiting her contact with Plaintiff Mother, her other family and anyone from the outside world for approximately five months and for absolutely no lawful purpose.

85. Defendant Footman accomplished this nonconsensual restraint through the intentional and negligent use of physical force, express and implied threats of physical and sexual assault, fraudulent and negligent misrepresentations and by acting in a manner which had the effect of threatening harm to the Plaintiff Minor.

86. As a direct and proximate result of Defendant Footman's false imprisonment, Plaintiff Minor has suffered and has continued to suffer extreme mental distress, humiliation, anguish, emotional and physical injuries and economic losses all to her damage in an amount to be determined at trial.

### COUNT XIII

### Unjust Enrichment/Quantum Meruit - Against ALL DEFENDANTS

87. Plaintiff Minor hereby refers to and incorporates each and every allegation set forth above.

88. By illegally employing Plaintiff Minor, by charging Plaintiff Minor a fee to work each shift as an exotic dancer, by refusing to pay Plaintiff Minor adequate wages for hours worked, including overtime pay, by requiring Plaintiff Minor to share her tips, and by charging Plaintiff Minor various fines, including fines for the conduct of customers, Defendants were unjustly enriched at the expense of and to the detriment of Plaintiff Minor.

89. Defendants' retention of any benefit collected directly and indirectly violated principles of justice, equity, and good conscience.  As a result, Defendants have been unjustly enriched.

90. Plaintiff Minor is entitled to recover from Defendants all amounts that Defendants have wrongfully and improperly obtained, and Defendants should be required to disgorge to Plaintiffs the benefit they have unjustly obtained.

### COUNT XIV

### Violations of M.G.L. c. 265, § 50, the Massachusetts Trafficking Statute (Sexual Servitude) - Against ALL DEFENDANTS

91. Plaintiff Minor hereby refers to and incorporates each and every allegation set forth above.

92. The Massachusetts Trafficking Statute defines the crime of trafficking of persons for sexual servitude as: subject[ing], or attempt[ing] to subject, or recruit[ing], entic[ing], harbor[ing], transport[ing], provid[ing] or obtain[ing] by any means, or attempt[ing] to recruit, entice, harbor, transport, provide or obtain by any means, another person to engage in commercial sexual activity, a sexually-explicit performance or the production of unlawful pornography in violation of chapter 272, or caus[ing] a person to engage in commercial sexual activity, a sexually-explicit performance or the production of unlawful pornography in violation of said chapter 272; or (ii) benefit[ing], financially or by receiving anything of value, as a result of a violation of [the preceding clause].

93. As set forth herein, Defendants conduct is in violation of M.G.L. c. 265, § 50.

94. As a result of Defendants conduct, Plaintiff Minor has suffered damages in an amount to be determined at trial.

### COUNT XV

### Violations of M.G.L. c. 265, § 51, the Massachusetts Trafficking Statute (Forced Services) - Against ALL DEFENDANTS

95. Plaintiff Minor hereby refers to and incorporates each and every allegation set forth above.

96. The Massachusetts Trafficking Statute defines the crime of trafficking of persons for forced service as: subject[ing], or attempt[ing] to subject, or recruit[ing], entic[ing], harbor[ing], transport[ing], provid[ing] or obtain[ing] by any means, or attempt[ing] to recruit, entice, harbor, transport, provide or obtain by any means, another person, intending or knowing that such person will be subjected to forced services; or (ii) benefit[ing], financially or by receiving anything of value, as a result of a violation of [the preceding clause].

97. As set forth herein, Defendants' conduct is in violation of M.G.L. c. 265, § 51.

98. As a result of Defendants conduct, Plaintiff Minor has suffered damages in an amount to be determined at trial.

## COUNT XVI

### Loss of Consortium - Against ALL DEFENDANTS

99. Plaintiff Mother hereby refers to and incorporates each and every allegation set forth above.

100. As a result of the wrongful and negligent acts of Defendants, each and all of them, the Plaififf Mother was caused to suffer, and will continue to suffer in the future, loss of consortium, affection, assistance, comfort, companionship, affection, services, and society, all to the detriment of her relationship with her daughter, Plaintiff Minor.

101. All of the aforesaid injuries and damages were directly and proximately caused by the wrongful, intentional and negligent acts of the Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment against Defendants, and each of them, as follows:

1. Compensatory and special damages in an amount to be proven at trial;

2. Punitive and exemplary damages in an amount according to proof at the time of trial;

3. Unpaid wages, including minimum wages and overtime premiums, in an amount to be proven at trial;

4. Statutory civil penalties and liquidated damages according to proof at time of trial;

5. Pre- and post- judgment interest;

6. Reasonable attorneys fees and costs; and

7. Such other and further relief as the Court deems just and proper.


JURY TRIAL DEMANDED


Dated: 8-21-14

Respectfully submitted,

/s/ Gerald H. Van Dam
Gerald H. Van Dam, BBO# 507580
60 William Street, Suite 300
Wellesley, MA 02481
617-969-2900
gvandam@vandamlawllp.com

ATTORNEY FOR PLAINTIFFS